

ENTERED
11/22/2016

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: § | | |
| MELANIE MILLER ANDERSON; aka § | CASE NO: 15-33603 | |
| ANDERSON; aka MILLER § | | |
|     Debtor(s) § | | |
| § | CHAPTER 13 | |
| § | | |
| MELANIE MILLER ANDERSON § | | |
|     Plaintiff(s) § | | |
| § | | |
| VS. § | ADVERSARY NO. 15-3290 | |
| § | | |
| DANIEL SAXTON, *et al* § | | |
|     Defendant(s) § | | |

## MEMORANDUM OPINION

On October 26, 2015, Melanie Miller Anderson initiated this lawsuit against several defendants, including David McKeand. (ECF No. 1). As a result of a settlement approved in the underlying bankruptcy case, McKeand is the only remaining defendant in this adversary proceeding. (Case No. 15-33603 at ECF No. 77). In her complaint, Anderson alleged that McKeand is a Debt Relief Agency as defined by 11 U.S.C. § 101(12A) of the Bankruptcy Code, and further, that he violated certain requirements of debt relief agencies set forth in §§ 526—528 of the Bankruptcy Code. (ECF No. 12 at 7-10). On July 12, 2016, McKeand filed his initial motion for summary judgment. (ECF No. 33). McKeand supplemented the motion on September 2, 2016, and September 28, 2016. (ECF No. 36 and 42). In his motion, McKeand argues that he is not a Debt Relief Agency as a matter of law, and accordingly, he is not personally liable for the alleged Code violations. For the reasons set forth below, McKeand is not entitled to summary judgment.

## Summary Judgment Standard

In McKeand's second supplemental motion for summary judgment (ECF No. 42) he describes his motion by way of reference to Texas state law as a "no evidence motion for summary judgment." (ECF No. 42 at 3). Federal law does not recognize this Texas procedure. *In re Perry*, 2009 WL 2753181, at *3 (Bankr. S.D. Tex. Aug. 26, 2009) ("[T]here is no such thing as a 'no evidence' summary judgment under Federal Rules."). However, Fed. R. Civ. P. 56 provides an analogous alternative. The Court will consider McKeand's Motion for Summary Judgment as one that invokes the framework originally set forth in *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), and is applicable when a party that does not bear the burden of proof at trial moves for summary judgment.

"Summary judgment is proper 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Fennell v. Marion Indep. Sch. Dist.*, 804 F.3d 389, 407 (5th Cir. 2015) (quoting Fed. R. Civ. P. 56(a)). Fed. R. Bankr. P. 7056 incorporates Rule 56 in adversary proceedings. A genuine dispute of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Royal v. CCC & R Tres Arboles, L.L.C.*, 739 F.3d 396, 400 (5th Cir. 2013) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)). "The evidence is viewed in the light most favorable to the nonmovant." *Id.* (citing *United Fire & Cas. Co. v. Hixson Bros., Inc.*, 453 F.3d 283, 285 (5th Cir. 2006)).

The party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Davis v. Ft. Bend Cty.*, 765 F.3d 480, 484 (5th Cir. 2014) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317,

323 (1986)).  Where, as here, the nonmovant will bear the burden of proof at trial, the movant may satisfy its initial responsibility by "'showing'—that is, pointing out to the [court]—that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325; *Stagliano v. Cincinnati Ins. Co.*, 633 F. App'x 217, 219 (5th Cir. 2105).  "It is not enough to move for summary judgment without supporting the motion in any way or with a conclusory assertion that the plaintiff has no evidence to prove his case."  *Celotex*, 477 U.S. at 328 (White, J., concurring).

If the movant satisfies its initial burden, "[t]he burden then shifts to 'the nonmoving party to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Davis*, 765 F.3d at 484 (quoting *Celotex*, 477 U.S. at 323).  A party may not "defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Id.*  (quoting *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007)).

## Jurisdiction and Authority

This Court has jurisdiction over this dispute pursuant to 28 U.S.C. § 1334.  While claims under 11 U.S.C. §§ 526—528 are not enumerated core proceedings under 28 U.S.C. § 157, they invoke substantive rights established by the Bankruptcy Code.  *In re Morrison*, 555 F.3d 473, 479 (5th Cir. 2009) ("Core proceedings are those that invoke a substantive right provided by title 11") (internal quotations omitted); *In re Harrelson*, 537 B.R. 16, 27 (M.D. Ala. 2015); *In re Kohlenberg*, 2012 WL 3292854 (N.D. Ohio Aug. 10, 2012).

## Analysis

*(1) McKeand's initial burden*

In an effort to satisfy his initial burden, McKeand offers two exhibits to demonstrate that there is an absence of evidence supporting the allegation that he is a Debt Relief Agency as defined by § 101(12A).  The first exhibit is the contract for legal services between Anderson and the J. Freeman Law Firm; the second is a transcript of a deposition McKeand took of Anderson. (ECF Nos. 33-1, 42-1).  McKeand offers the contract to establish that Anderson did not enter into a contractual agreement with McKeand personally, but instead with the J. Freeman Law Firm.  (ECF No. 33-1 at 1).  McKeand offers the deposition transcript to establish that Anderson had no knowledge of McKeand until April 2016, well after she had filed bankruptcy, and thus he could not have offered her bankruptcy assistance—a requirement of a § 101(12A) Debt Relief Agency.

If Anderson cannot demonstrate that the J. Freeman Law Firm is a Debt Relief Agency, and that McKeand directed the firm to operate in violation of the Code, she may not pursue the alleged violations of §§ 526—528 against McKeand.  McKeand's exhibits demonstrate that Anderson neither entered into a contract with McKeand, nor even knew McKeand prior to filing a lawsuit against him.  Though McKeand's exhibits do not demonstrate with certainty that Anderson cannot prove her case, they suggest that McKeand's involvement at the J. Freeman Law Firm may be remote or limited.  The exhibits are sufficient to satisfy McKeand's initial burden under *Celotex*.  Accordingly, the burden shifts to Anderson to set forth specific facts showing that there is a genuine issue for trial.  *Davis*, 765 F.3d at 484 (quoting *Celotex*, 477 U.S. at 323).  To survive McKeand's motion, Anderson must present evidence upon which a factfinder might reasonably return a verdict in her favor.  *Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 252 (1986) ("[A] scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the [factfinder] could reasonably find for the plaintiff").

*(2) McKeand's objections to Anderson's evidence.*

In her amended responses to McKeand's motion, Anderson attached twenty-two exhibits. (ECF No. 45-1—22). McKeand lodged objections to all but two: (1) McKeand's own brief and (2) the transcript of McKeand's deposition of Anderson. (ECF No. 53). At the outset it is important to note that evidence submitted in opposition to a motion for summary judgment does not have to be admissible under the Federal Rules of Evidence, as long as it could be reduced to an admissible form at trial. *McMillian v. Johnson,* 88 F.3d 1573, 1584 (11th Cir. 1996), *aff'd sub nom. McMillian v. Monroe Cnty., Ala.,* 520 U.S. 781 (1997) ("We read this statement as simply allowing *otherwise admissible* evidence to be submitted in *inadmissible form* at the summary judgment stage, though at trial it must be submitted in admissible form.") (emphasis in original). For example, a sworn statement that would otherwise be considered inadmissible hearsay may be admissible if the declarant could be made available to testify at trial. *See J.F. Feeser, Inc. v. Serv-A-Portion, Inc.*, 909 F.2d 1524, 1542 (3d Cir. 1990) (non-movant could rely on inadmissible hearsay in affidavit for purposes of surviving opponent's motion if the movant fails to show that the declarant could not be produced to testify at trial).

    *a. Agreed Judgment*

Anderson seeks to admit an agreed judgment issued by this Court in a related miscellaneous proceeding. (ECF No. 45-2). The judgment was issued against several defendants, collectively referred to as the "Enjoined Parties." The judgment designates McKeand as an Enjoined Party. The judgment states that the "Enjoined Parties now confirm and accept

and agree that their operations did constitute a Debt Relief Agency under the Bankruptcy Code." (ECF No. 45-2 at 2). The judgment further states that the "Enjoined Parties acknowledge that they failed to act in accordance with the restrictions and requirements of a Debt Relief Agency, as set forth in 11 U.S.C. §§ 526, 527, and 528." McKeand objects to the admission of the judgment as a prohibited use of a compromise offer or negotiation under F.R.E. 408. "While [F.R.E. 408(a)] is ordinarily phrased in terms of *offers* of compromise, it is apparent that a similar attitude must be taken with respect to completed compromises when offered against a party." *Advisory Committee Notes to the 1972 Proposed Rules* (emphasis added). To the extent Anderson is offering the agreed judgment as evidence to prove the validity of a disputed claim—that McKeand is a Debt Relief Agency and that he violated the requirements attendant to Debt Relief Agencies—McKeand's objection is sustained. The agreed judgment is not admissible for this purpose. *See United States v. Robinson*, 2012 WL 5386037, at *3 (N.D. Ohio Nov. 2, 2012) (finding inadmissible in a criminal case an agreed judgment evidencing the settlement of a civil lawsuit).

### i. Preclusive Effect of Agreed Judgment

Despite being inadmissible to prove the validity of a disputed claim, the judgment may have preclusive effect. Anderson asserts that McKeand is estopped by the agreed judgment from denying both his status as a Debt Relief Agency and his violations of §§ 526—528. (ECF No. 45 at 2). The Fifth Circuit has held that agreed judgments may be given preclusive effect. *In re Lacy*, 947 F.2d 1276, 1278 (5th Cir. 1991). Federal common law permits the use of issue preclusion (collateral estoppel) upon the showing of three necessary elements: "(1) that the issue at stake be identical to the one involved in prior litigation; (2) that the issue has been actually litigated in the prior litigation; and (3) that the determination of the issue in the prior litigation

has been a critical and necessary part of the judgment in that earlier action." *Hicks v. Quaker Oats Co.*, 662 F.2d 1158, 1166 (5th Cir. 1981). Where, as here, offensive, non-mutual collateral estoppel is requested to be applied, a fourth element exists: "[t]here must be no special circumstance that would render [estoppel] inappropriate or unfair." *Kariuki v. Tarango*, 709 F.2d 495, 506 (5th Cir. 2013).

The judgment issued in Miscellaneous Proceeding No. 15-307 adjudicated issues identical to those involved in this adversary proceeding and was issued after extensive pretrial discovery and motion practice occurred. *See Lacy*, 947 F.2d at 1278 (finding that the issue had been actually litigated where there were "extensive pleadings, depositions, and exhibits produced . . . ."). Additionally, the determination that McKeand, among others, was a Debt Relief Agency that had violated §§ 526—528 of the Code was a critical and necessary part of the agreed judgment. The only remaining element is whether it would be inappropriate or unfair to apply issue preclusion in this instance. Generally, trial courts have broad discretion to determine when offensive collateral estoppel should be applied. *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 331 (1979). In the seminal case concerning the offensive, nonmutual use of collateral estoppel, *Parklane Hosiery*, the Supreme Court identified four "fairness factors" to analyze in determining whether offensive collateral estoppel should be applied. *Id.* at 329. One of these factors asks whether the plaintiff could have intervened in the earlier action. Because "a plaintiff will be able to rely on a previous judgment against a defendant but will not be bound by that judgment if the defendant wins, the plaintiff has every incentive to adopt a 'wait and see' attitude, in the hope that the first action by another plaintiff will result in a favorable judgment." *Id.* at 330. Therefore, "in cases where a plaintiff could easily have joined the earlier action . . . a trial judge should not allow the use of offensive collateral estoppel." *Id.* at 331.

Anderson could have easily joined in the prior proceeding. In fact, Anderson opposed having her adversary proceeding included in the consolidated miscellaneous proceeding. (Case No. 15-307; ECF No. 45). On January 4, 2016, the Court considered whether Anderson's adversary proceeding should be consolidated with the miscellaneous proceeding. The Court determined that Anderson's adversary proceeding would be jointly litigated with the miscellaneous proceeding but that her causes of action would be preserved. Though Anderson participated extensively in the consolidated miscellaneous proceeding, she was not a party to it. Anderson simply litigated her case contemporaneously with the consolidated proceeding. The agreed judgment in the consolidated proceeding reflects this conclusion. Anderson was not among the debtors who were allocated payments required by the agreed judgment. (Case No. 15-307 at ECF No. 186). The Court need not address the remaining fairness factors. Because Anderson could have joined the consolidated proceeding and opted not to, it would be unfair to allow her the use of offensive collateral estoppel in this proceeding.

      *b. Transcript of McKeand's testimony at a hearing in the Eastern District of Texas*

Anderson seeks to admit a portion of transcript from a hearing in the Bankruptcy Court for the Eastern District of Texas that dealt with issues and parties nearly identical to those in this adversary proceeding. McKeand objects on the basis of hearsay. The transcript reflects McKeand's own testimony. Rule 801(d)(2) states than an opposing party's statement offered against that party is not hearsay. Fed. R. Evid. 801(d)(2). Accordingly, McKeand's objection is overruled. At the hearing, McKeand stated that he is a principal of, and equity holder in, the J. Freeman Law Firm. (ECF No. 45-4 at 195). He also represented that he is responsible for his firm's Texas clients, and that he returns to Atlanta once a month to supervise and train his employees. (*Id.* at 200).

      c. *Email from Kirk Martells to Anderson*

Anderson seeks to admit an email she received from Kirk Martells, an employee of the J. Freeman Law Firm. McKeand objects on the basis of hearsay. Though the statements in the email may be in an inadmissible form, they can be made admissible by adducing testimony from Martells at trial. Accordingly, McKeand's objection is overruled. Anderson received the email shortly after she began communications with the J. Freeman Law Firm regarding services to obtain a mortgage modification for her home. Martells stated that as soon as Anderson submits "all documents along with [the] retainer fee" they will "address arresting the foreclosure from moving forward." (ECF No. 45-11 at 1).

      d. *Letter from the J. Freeman Law Firm to Anderson*

Anderson seeks to admit a letter she received from the J. Freeman Law Firm, signed by Daniel Saxton, principal of and equity holder in the J. Freeman Law Firm. McKeand objects on the basis of hearsay and relevance. The letter is relevant because it reflects the procedure the J. Freeman Law Firm advised clients to employ in order to delay imminent foreclosures—namely, the filing of a bankruptcy petition. (ECF No. 45-12 at 1). Because this practice implicates the Debt Relief Agency requirements of the Bankruptcy Code, it is relevant to the extent McKeand, as a principal and equity holder of the firm, played a role in designing and employing it. McKeand's hearsay objection is also overruled. Again, though the letter itself may not be admissible in its current form, its contents could be presented through testimony at trial. Furthermore, it is not clear that the letter is being offered for its truth. If Anderson seeks to admit the letter simply to explain her decision to hire a bankruptcy petition preparer, the rule against hearsay is inapplicable.

e. *Transcript of McKeand's testimony at a hearing in this Court*

Anderson seeks to admit a portion of transcript from a hearing in the miscellaneous proceeding before this Court. McKeand objects on the basis of hearsay. As noted previously, the statements are McKeand's. Accordingly, the statements are not hearsay. At the hearing, McKeand explained to the Court that he had reviewed Title 11 of the United States Code and determined that he and his firm intended to operate in compliance with the statute. (ECF No. 45-16 at 16-17). McKeand acknowledged his firm's transmission of the letter offering advice regarding bankruptcy, but disagreed with the Court's finding that it violated §§ 526—528 of the Bankruptcy Code.

f. *Responses to Anderson's Request for Production and Interrogatories*

Anderson seeks to admit McKeand's response to her request for production and interrogatories. McKeand's response indicates an objection but fails to state the basis (ECF No. 53 at 7). Accordingly, McKeand's objection is overruled. In a response to an interrogatory, McKeand acknowledges that Kirk Martells is his employee. (ECF No. 45-20 at 12).

g. *Transcript of Natasha Bascus and Jeff Lalo's Testimony.*

Anderson seeks to admit a portion of transcript from a hearing in the miscellaneous proceeding before this Court. McKeand objects on the basis of hearsay. Natasha Bascus was a bankruptcy petition preparer that obtained her clients by referral from the J. Freeman Law Firm. Her testimony at the hearing explained how she contacted clients and processed their skeletal bankruptcy filing. Jeff Lalo was an employee of the J. Freeman Law Firm. Jeff Lalo testified that the firm had been determined to be a Debt Relief Agency in the Northern and Southern District of Georgia but continued its refusal to make the mandatory disclosure required by the Bankruptcy Code. He also testified that McKeand "has got a lot to do with" the management of

the J. Freeman Law Firm. Though the transcript may present statements in an inadmissible form, both Jeff Lalo and Natasha Bascus's testimony could be presented at trial through live witness testimony. Accordingly, McKeand's objection is overruled.

*(2) Anderson's burden*

Anderson's evidence must demonstrate an issue of fact such that a reasonable factfinder might return a verdict in her favor. *Liberty Lobby, Inc.*, 477 U.S. at 252. As set forth below, Anderson has satisfied her burden.

McKeand is correct that he is not liable for any violations of §§ 526—528 committed by the J. Freeman Law Firm *solely* because he is a principal. Indeed, for liability to attach, McKeand must have directed the entity to operate in violation of the Bankruptcy Code. *Ennis v. Loiseau*, 164 S.W.3d 698, 707-08 (Tex. App.—Austin 2005, no pet.) ("A corporate officer may not escape liability where he had direct, personal participation in the wrongdoing, as to be the 'guiding spirit behind the wrongful conduct' or the 'central figure in the challenged corporate activity.'").

While an officer or director may not be held liable in damages for inducing a corporation to breach a contract (provided the officer or director acts in good faith and believes it was in the best interest of the corporation to breach), *Maxey v. Citizens Nat'l Bank*, 507 S.W. 2d 722, 726 (Tex. 1974), they are liable for their own wrongful conduct. Typically this "wrongful" conduct refers to fraudulent or tortious conduct. *Miller v. Keyser*, 90 S.W.3d 712, 717 (Tex. 2002) (noting "Texas' longstanding rule that a corporate agent is personally liable for his own fraudulent or tortious acts."). However, in addition to fraudulent or tortious conduct, corporate agents may also have personal liability for their own statutory violations. *Id.* at 718 (holding that "an agent may be held personally liable for his own violations of the DTPA.").

Anderson's evidence suggests that McKeand played a significant role in directing the policies and procedures of the J. Freeman Law Firm. Her evidence also demonstrates that Daniel Saxton, Kirk Martells, Jeff Lalo, and Natasha Bascus all engaged in conduct that would qualify them as Debt Relief Agencies, leading to the reasonable conclusion that the J. Freeman Law Firm operated as a Debt Relief Agency. It is undisputed that the J. Freeman Law Firm did not comply with the Debt Relief Agency requirements of the Bankruptcy Code. Anderson has provided sufficient evidence to allow a factfinder to reasonably conclude that (1) the J. Freeman Law Firm was a Debt Relief Agency operating in violation of the Bankruptcy Code, and (2) for Texas cases like Anderson's, the firm was operating in violation of the Bankruptcy Code at the direction and control of its one-half equity holder and principal, David McKeand.

*(3) McKeand's alternative basis for summary judgment relief*

In addition to relying on Anderson's lack of evidence, McKeand asserted several legal issues that—if he prevailed—would entitle him to a favorable summary judgment. Most of these are addressed above. However, McKeand also argues that Anderson has already been made whole, and therefore cannot pursue additional damages against McKeand. McKeand offers no evidence to support this position. Summary judgment on the issue of whether Anderson has any uncompensated damages is denied.

### Conclusion

The Court will issue an Order consistent with this Memorandum Opinion.

SIGNED **November 22, 2016.**

_____
Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE